UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAM SOKOLOWSKI, MARCIN JEROMINEK, and ADAM LESZEK STELMASZCYK,<br><br>                              Plaintiffs,<br><br>            - against -<br><br>THESAURUS GENERAL CONTRACTING, INC., THESAURUS CONTRACTING CORP., GEORGE ROUSSOPOULOS, ZOE ROUSSOPOULOS, TURNER CONSTRUCTION COMPANY, BRICKENS CONSTRUCTION, INC., and HUNTER ROBERTS CONSTRUCTION GROUP LLC,<br><br>                             Defendants. | Docket No.: 11-CV-3373<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs, by their attorneys, Virginia and Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. § 207, New York Labor Law §§ 191, 193, 633, and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") § 142-2.2 to recover unpaid overtime and unpaid prevailing wages owed to Adam Sokolowski, Marcin Jerominek, and Adam Leszek Stelmaszcyk (collectively referred to hereinafter as "Plaintiffs"), who performed work for Defendants Thesaurus General Contracting, Inc., Thesaurus Contracting Corp. (Thesaurus General Contracting, Inc.. and Thesaurus Contracting Corp. are herein collectively referred to as the "Thesaurus Defendants"), George Roussopoulos, Zoe Roussopoulos, Turner Construction Company, Brickens Construction, Inc., and Hunter Roberts Construction Group LLC.

2.    The Thesaurus Defendants subcontracted work from Defendant Turner Construction Company ("Turner") in connection with certain publicly financed construction projects, including but not limited to the following: Governor's Island Roof Replacement, Governor's Island Renovation of Building 108 GIPEC Offices; 125th Street Parking Garage Sidewalk Replacement; South Street Seaport Slate Roof and Drainage System; South Street Seaport Window and Door Rehabilitation; Bush Terminal Rehabilitation Work; Bush Terminal Rehabilitation of Building Facades; Bush Terminal Rehabilitation of Steel Canopies; Brooklyn Army Terminal Façade Rehabilitation Work; Brooklyn Army Terminal BAT Lobby Renovation; East New York Incubator Building Roof Rehabilitation (collectively referred to hereinafter as "Turner Public Works Projects").

3.    The Thesaurus Defendants subcontracted work from Defendant Brickens Construction, Inc. ("Brickens") in connection with certain publically financed construction projects, including but not limited to fencing projects in Staten Island and the Bronx (collectively referred to hereinafter as "Brickens Public Works Projects")

4.    The Thesaurus Defendants subcontracted work from Defendant Hunter Roberts Construction Group LLC ("Hunter") in connection with certain publically financed construction projects, including but not limited to fencing projects in Long Island and a project on Randall's Island (collectively referred to hereinafter as "Hunter Public Works Projects").

5.    Beginning in approximately 2006, and upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and state law.

6.    The Thesaurus Defendants further engaged in a pattern and practice of requiring

certain Plaintiffs to report to the company offices before and after each shift to load and unload vehicles. Plaintiffs were not compensated for work at the company offices or for the time spent travelling from the offices to the site and back each day.

7.      The Thesaurus Defendants have engaged in a policy and practice of failing to pay their employees prevailing wages for work that they performed on various public works projects, including, but not limited to, the Turner Public Works Projects.

8.      Turner has engaged in a policy and practice of failing ensure that Plaintiffs were paid prevailing wages and supplemental benefits for work they performed on the Turner Public Works Projects.

9.      Brickens has engaged in a policy and practice of failing ensure that Plaintiffs were paid prevailing wages and supplemental benefits for work they performed on the Brickens Public Works Projects.

10.      Hunter has engaged in a policy and practice of failing ensure that Plaintiffs were paid prevailing wages and supplemental benefits for work they performed on the Hunter Public Works Projects.

11.      Under the direction of the Thesaurus Defendants Zoe and George Roussopoulos, Defendants instituted this practice of depriving their employees of prevailing wages and the basic compensation for work performed in excess of 40 hours per week, as mandated by federal and state law.

12.      Plaintiffs have initiated this action seeking compensation, including overtime compensation and prevailing wages, that they were deprived of, plus interest, damages, attorneys' fees, and costs.

**PARTIES**

3

13.     Plaintiff Adam Sokolowski resides in the State of New York, and was employed by Defendant Thesaurus from May 2007 until November 2007. Plaintiff Sokolowski regularly performed work for Defendants in excess of forty (40) hours per week, and was not provided overtime compensation as required by applicable federal and state law. Plaintiff Sokolowski performed work on publicly funded projects and did not receive prevailing wages.

14.     Plaintiff Marcin Jerominek resides in the State of New York and was employed by Defendant Thesaurus from 2004 until December 2010. Plaintiff Jerominek regularly performed work for Defendants in excess of forty (40) hours per week, and was not provided overtime compensation as required by applicable federal and state law.  Plaintiff Jerominek performed work on publicly funded projects and did not receive prevailing wages.

15.     Plaintiff Adam Leszek Stelmaszcyk resides in the State of New York, and was employed by Defendant Thesaurus from June 2006 until December 2010. Plaintiff Stelmaszcyk regularly performed work for Defendants in excess of forty (40) hours per week, and was not provided overtime compensation as required by applicable federal and state law. Plaintiff Stelmaszcyk regularly performed work on publicly funded projects and did not receive prevailing wages.

16.     Upon information and belief, Defendant Thesaurus General Contracting, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 218-62nd Street, Brooklyn, New York 11220. Defendant Thesaurus General Contracting, Inc. is engaged in the construction business.

17.     Upon information and belief, Defendant Thesaurus Contracting Corp. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 218-62nd Street, Brooklyn, New York 11220. Defendant Thesaurus

Contracting Corp. is engaged in the construction business.

18.   Upon information and belief, Defendant Zoe Roussopoulos is a resident of New York, and at all relevant times was an officer, director, and/or owner of the Thesaurus Defendants, which are closely held corporations.

19.   Upon information and belief, Defendant George Roussopoulos is a resident of New York, and at all relevant times was an officer, director, and/or owner of the Thesaurus Defendants, which are closely held corporations.

20.   Upon information and belief, Defendant Turner Construction Company ("Turner") is a domestic corporation organized and existing under the laws of the State of New York, with a principal place of business at 375 Hudson Street, New York, NY 10014, and is engaged in the construction business. Upon information and belief, Turner entered into the Public Works Contracts with the City of New York to perform construction work on the Public Works Projects.

21.   Upon information and belief, Defendant Brickens Construction, Inc. ("Brickens") is a domestic corporation organized and existing under the laws of the State of New York, with a principal place of business at 801 McLean Avenue, Yonkers, New York 10704, and is engaged in the construction business. Upon information and belief, Brickens entered into the Public Works Contracts with the City of New York to perform construction work on the Public Works Projects.

22.   Upon information and belief, Defendant Hunter Roberts Construction Group LLC ("Hunter") is a domestic corporation organized and existing under the laws of the State of New York, with a principal place of business at 111 Eighth Avenue, New York, New York 10011, and is engaged in the construction business. Upon information and belief, Hunter

entered into the Public Works Contracts with the City of New York to perform construction work on the Public Works Projects.

## JURISDICTION

23. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 207, and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. §1367 of the claims brought under the New York Labor Law.

24. The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. § 255(a).

25. The statute of limitations under the New York Labor Law is six (6) years. *See* New York Labor Law § 198(3).

## VENUE

26. Venue for this action in the Eastern District of New York under 28 U.S.C. § 139(b) is appropriate because Defendants reside in the Eastern District of New York.

## FACTS

27. Upon information and belief, beginning in or about 2005, Defendants employed Plaintiffs to perform construction work as carpenters, painters, masons, and in other construction-related trades related to the Thesaurus Defendants' construction business.

28. Upon information and belief, while working for the Thesaurus Defendants, Plaintiffs were regularly required to perform work up to six days per week for Defendants in excess of forty (40) hours per week, without receiving any overtime compensation as required by applicable federal and state law.

29. Upon information and belief, Defendants willfully disregarded and purposefully

evaded recordkeeping requirements of the Fair Labor Standards Act by failing to maintain proper and complete timesheets or payroll records.

30.     On information and belief, Turner entered into contracts ("Turner Public Works Contracts") with the New York City Economic Development Agency ("EDC") to perform work at the following projects: Governor's Island Roof Replacement, Governor's Island Renovation of Building 108 GIPEC Offices; 125th Street Parking Garage Sidewalk Replacement; South Street Seaport Slate Roof and Drainage System; South Street Seaport Window and Door Rehabilitation; Bush Terminal Rehabilitation Work; Bush Terminal Rehabilitation of Building Facades; Bush Terminal Rehabilitation of Steel Canopies; Brooklyn Army Terminal Façade Rehabilitation Work; Brooklyn Army Terminal BAT Lobby Renovation; East New York Incubator Building Roof Rehabilitation.

31.     On information and belief, Brickens entered into contracts ("Brickens Public Works Contracts") with the City of New York to perform work on certain publically financed construction projects, including but not limited to fencing projects in Staten Island and the Bronx.

32.     On information and belief, Hunter entered into contracts ("Hunter Public Works Contracts") with the City of New York to perform work on certain publically financed construction projects, including but not limited to fencing projects in Long Island and a project on Randall's Island.

33.     On information and belief, Turner's contracts with the EDC required Turner and all of Turner's subcontractors, including Thesaurus, to pay prevailing wages and supplemental benefits to all construction workers employed at the Turner Public Works Project sites.

34.     On information and belief, Brickens' contracts with the City of New York

required Brickens and all of Brickens' subcontractors, including Thesaurus, to pay prevailing wages and supplemental benefits to all construction workers employed at the Brickens Public Works Project sites.

35.   On information and belief, Hunter's contracts with the City of New York required Hunter and all of Hunter's subcontractors, including Thesaurus, to pay prevailing wages and supplemental benefits to all construction workers employed at the Hunter Public Works Project sites.

36.   On information and belief, Defendant Thesaurus subcontracted certain work from Turner on projects that specifically required that the Thesaurus workers be paid prevailing wages and supplemental benefits.

37.   Upon information and belief, while working for the Thesaurus Defendants at the Turner Public Works Projects, Plaintiffs did not receive prevailing wages for work that they performed on the Turner Public Works Projects.

38.   Upon information and belief, while working for the Thesaurus Defendants at the Brickens Public Works Projects, Plaintiffs did not receive prevailing wages for work that they performed on the Brickens Public Works Projects.

39.   Upon information and belief, while working for the Thesaurus Defendants at the Hunter Public Works Projects, Plaintiffs did not receive prevailing wages for work that they performed on the Hunter Public Works Projects

40.   Upon information and belief, Defendants Zoe and George Roussopoulos were the principals and sole owners of Defendants Thesaurus General Contracting, Inc. and Thesaurus Contracting Corp., and (i) had the power to hire and fire employees for that entity; (ii) supervised and controlled employee work schedules or conditions of employment for the Thesaurus

8

Defendants; (iii) determined the rate and method of payment for the Thesaurus Defendants' employees; and (iv) maintained employment records for the Thesaurus Defendants.

41.     Upon information and belief, the Defendants Zoe and George Roussopoulos dominated the day-to-day operating decisions of the Thesaurus Defendants, made major personnel decisions for the Thesaurus Defendants, and had complete control of the alleged activities of the Thesaurus Defendants that give rise to the claims brought herein.

42.     Upon information and belief, the Defendants Zoe and George Roussopoulos acted directly or indirectly in the interest of the Thesaurus Defendants, and are employers, within the meaning of the Fair Labor Standards Act. Defendants Zoe and George Roussopoulos, in their capacity as owners, actively participated in the unlawful method of payment of Plaintiffs.

**FIRST CAUSE OF ACTION
AGAINST THESAURUS DEFENDANTS:
FLSA OVERTIME COMPENSATION**

43.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 42 hereof.

44.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

45.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an

employer) or anyone acting in the capacity of officer or agent of such labor organization."

46.     As entities that hired Plaintiffs, the Thesaurus Defendants are "employers," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

47.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Defendants Zoe and George Roussopoulos are defined as "employer[s]" for the purpose of the FLSA and, consequently, are liable for violations of FLSA.

48.     Pursuant to 29 U.S.C. § 203(e), "the term 'employee' means any individual employed by an employer."

49.     Plaintiffs are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(e).

50.     Upon information and belief, Defendants failed to pay Plaintiffs any overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

51.     The failure of Defendants to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

52.     By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## AGAINST THESAURUS DEFENDANTS:
## FAILURE TO PAY WAGES

53.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 52 hereof.

54.     Pursuant to the Article Six of the New York Labor Law, workers, such as the

Plaintiffs, are protected from wage underpayments and improper employment practices.

55.     Pursuant to N.Y. Lab. Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

56.     As persons employed for hire by the Thesaurus Defendants and Defendant Roussopoulos, Plaintiffs are "employees" as understood in Labor Law § 190.

57.     Pursuant to N.Y. Lab. Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

58.     As an entity that hired Plaintiffs, the Thesaurus Defendants are "employers."

59.     Upon information and belief, pursuant to N.Y. Lab. Law § 190 and the cases interpreting same, Defendant Roussopoulos is an "employer."

60.     Plaintiffs' agreed upon wage rate and/or overtime compensation rate were within the meaning of N.Y. Lab. Law §§ 190, 191.

61.     Pursuant to N.Y. Lab. Law § 191 and the cases interpreting same, workers such as Plaintiffs, are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

62.     In failing to pay Plaintiffs their prevailing wages and overtime payments for time worked after 40 hours in one week, Defendants violated N.Y. Lab. Law § 191, by failing to pay Plaintiffs all of their wages earned within the week such wages were due.

63.     Pursuant to N.Y. Lab. Law § 193, "[n]o employer shall make any deduction from the wages of an employee," such as Plaintiffs, that is not otherwise authorized by law or by the employee.

64.     By withholding prevailing wages and overtime payments for time worked after

forty hours in one week from Plaintiffs, pursuant to N.Y. Lab. Law § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs.

65.     Upon information and belief, Defendants' failure to pay Plaintiffs prevailing wages and overtime payments for time worked in excess of forty hours in one week was willful.

66.     By the foregoing reasons, Defendants have violated N.Y. Lab. Law §§ 191, 193 and are liable to Plaintiffs in an amount to be determined at trial, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### AGAINST THESAURUS DEFENDANTS:
### NEW YORK OVERTIME COMPENSATION LAW

67.     Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 66 hereof.

68.     Title 12 NYCRR §142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

69.     N.Y. Lab. Law § 663, provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

70.     Upon information and belief, Plaintiffs worked more than forty hours a week while working for Defendants.

71.     Upon information and belief, Plaintiffs did not receive the New York statutory overtime compensation for the hours worked after the first forty hours of work in a week.

72.     Consequently, by failing to pay to Plaintiffs overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated N.Y. Lab. Law § 663

and 12 NYCRR § 142-2.2.

73.     Defendants' failure to pay Plaintiffs overtime compensation for work performed after the first forty hours worked in a week was willful.

74.     By the foregoing reasons, Defendants have violated N.Y. Lab. Law § 663 and 12 NYCRR § 142-2.2, and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FOURTH CAUSE OF ACTION
### AGAINST THESAURUS DEFENDANTS:
### BREACH OF CONTRACT

75.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 74 hereof.

76.     The sub-contracts entered into between Turner and Thesaurus incorporated by reference the Public Works Contracts entered into by Turner and the NYC EDC.

77.     The sub-contracts entered into between Brickens and Thesaurus incorporated by reference the Public Works Contracts entered into by Brickens and the City of New York.

78.     The sub-contracts entered into between Hunter and Thesaurus incorporated by reference the Public Works Contracts entered into by Hunter and the City of New York.

79.     On information and belief, the Public Works Contracts entered into between Turner and the NYC EDC set forth the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

80.     On information and belief, the Public Works Contracts entered into between Brickens and the City of New York set forth the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

81.     On information and belief, the Public Works Contracts entered into between Hunter and the City of New York set forth the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

82.     Those prevailing rates of wages and supplemental benefits were made part of the sub-contracts between Thesaurus and, in turn, Turner, Brickens, and Hunter for the benefit of Plaintiffs.

83.     Thesaurus breached the sub-contracts by failing to pay Plaintiffs the prevailing rates of wages and supplemental benefits for all labor performed upon the publicly financed contraction projects where Thesaurus worked as a sub-contractor to Turner.

84.     By reason of Thesaurus's breach of the Public Works Contracts, Thesaurus is required to make payment to Plaintiffs in an amount not yet known, but to be determined at trial, plus interest.

## FIFTH CAUSE OF ACTION
## AGAINST TURNER CONSTRUCTION:
## BREACH OF CONTRACT

85.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 84 hereof.

86.     On information and belief, the Public Works Contracts entered into by Turner set forth the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

87.     Those prevailing rates of wages and supplemental benefits were made part of the Turner Public Works Contracts for the benefit of Plaintiffs.

88.     Turner breached the Public Works Contracts by failing to ensure that Plaintiffs received the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Sites where Turner was the prime contract.

89.     By reason of Turner's breach of the Public Works Contracts, Turner is required to make payment to Plaintiffs in an amount not yet known, but to be determined at trial, plus interest.

### SIXTH CAUSE OF ACTION
### AGAINST BRICKENS CONSTRUCTION:
### BREACH OF CONTRACT

90.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 89 hereof.

91.     On information and belief, the Public Works Contracts entered into by Brickens set forth the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

92.     Those prevailing rates of wages and supplemental benefits were made part of the Brickens Public Works Contracts for the benefit of Plaintiffs.

93.     Brickens breached the Public Works Contracts by failing to ensure that Plaintiffs received the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Sites where Brickens was the prime contract.

94.     By reason of Brickens' breach of the Public Works Contracts, Brickens is required to make payment to Plaintiffs in an amount not yet known, but to be determined at trial, plus interest.

### SEVENTH CAUSE OF ACTION
### AGAINST HUNTER ROBERTS CONSTRUCTION:
### BREACH OF CONTRACT

95.     Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 94 hereof.

96.     On information and belief, the Public Works Contracts entered into by Hunter set forth the prevailing rates of wages and supplemental benefits to be paid to Plaintiffs.

97.     Those prevailing rates of wages and supplemental benefits were made part of the Hunter Public Works Contracts for the benefit of Plaintiffs.

98.     Hunter breached the Public Works Contracts by failing to ensure that Plaintiffs received the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Sites where Hunter was the prime contract.

99.     By reason of Hunter's breach of the Public Works Contracts, Hunter is required to make payment to Plaintiffs in an amount not yet known, but to be determined at trial, plus interest.

**WHEREFORE**, Plaintiffs demand judgment:

(1) on their first cause of action, against the Thesaurus Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, plus interest, attorneys' fees and costs;

(2) on their second cause of action, against the Thesaurus Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(3) on their third cause of action, against the Thesaurus Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

(4) on their fourth cause of action, against the Thesaurus Defendants in an amount to be determined at trial, plus interest, attorneys' fees and costs;

(5) on their fifth cause of action, against Turner in an amount to be determined at trial, plus interest;

(5) on their sixth cause of action, against Brickens in an amount to be determined at trial,

plus interest;

(6) on their sixth cause of action, against Hunter in an amount to be determined at trial,

plus interest;

(7) whatever other and further relief the Court may deem appropriate.


Dated: New York, New York
        December 1, 2011

                              VIRGINIA & AMBINDER, LLP

                              By:_____
                                  Lloyd Ambinder, Esq.
                                  *Attorneys for Plaintiffs*
                                  111 Broadway, Suite 1403
                                  New York, New York 10006
                                  Tel: (212) 943-9080
                                  Fax: (212) 943-9082